titled to an appeal." *Mann v. City of Terre Haute et al.* (1960), 240 Ind. 245, 163 N.E.2d 577. Appellants have not demonstrated any equitable grounds for relief under the Declaratory Judgment Act. *Reafsnyder et al. v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540. And it must be noted that even in an action for declaratory judgment the statutory time limit of 60 days must be observed since the same need to facilitate and lend finality to an ordinance exists.

The trial court was correct in finding that it did not have jurisdiction and that appellants' amended complaint for declaratory judgment failed to state a valid claim for relief. Accordingly, the judgment dismissing this cause must be affirmed.

Affirmed.

Staton, J. concurs.

Chipman, P.J., participating by designation, concurs.

NOTE—Reported at 383 N.E.2d 481.

ARTHUR P. GUMZ, FREDERICK GUMZ, AND PAUL GUMZ *v.* STARKE COUNTY FARM BUREAU COOPERATIVE ASSOC., INC., AN IND. CORP., PULASKI COUNTY FARM BUREAU COOPERATIVE ASSOC., INC., AN IND. CORP. LA CROSSE GRAIN COMPANY, INC., AN IND. CORP., AND SMOLEK GRAIN, INC., AN IND. CORP.

[No. 3-376A68. Filed December 27, 1978. Transfer granted October 11, 1979.]